UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-81961-CIV-CANNON

**JONATHAN LEE REIGROD**,

    Plaintiff,
v.

**GARBER DELRAY INC.**,
 d/b/a as DELRAY BUICK GMC

    Defendant.
_____/

## ORDER ON DEFAULT FINAL JUDGMENT PROCEDURE

**THIS CAUSE** comes before the Court upon the Clerk's Entry of Default as to Defendant Garber Delray Inc. [ECF No. 6], entered on January 18, 2023. Defendant has indeed failed to respond to the Complaint within the time required by law [*see* ECF Nos. 1, 4].

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff must file one of the following two responses on or before **February 9, 2023**:

(1) Where there is only one Defendant, or where there are multiple Defendants,[1] but no allegations of joint and several liability, and no possibility of inconsistent liability between Defendants, Plaintiff shall file a motion for default final judgment.

The motion for default final judgment must include affidavits of any sum certain due by Defendant, and any other supporting documentation necessary to determine Plaintiff' measure of damages. The motion shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. section 3931(b), if applicable; (2) a proposed order;

---

[1] If there are multiple Defendants, Plaintiff must state in the motion for default final judgment that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability.

and (3) a proposed final judgment. (These last two are required by Local Rule 7.1(a)(2)). Pursuant to the CM/ECF Administrative Procedures, the proposed orders **shall be submitted to the Court by e-mail in Word format** to cannon@flsd.uscourts.gov. Plaintiff shall send a copy of the motion to Defendant's counsel or to Defendant if it does not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where notice was sent.

If Defendant fails to move to set aside the Clerk's Default or respond to the motion for default final judgment within the time permitted by the Rules, default final judgment may be entered, which, simply put, means that Plaintiff may be able to take Defendant's property or money, and/or obtain other relief against Defendant.

(2) Where there are multiple Defendants and allegations of joint and several liability, or the possibility of inconsistent liability between Defendants, Plaintiff shall file a notice of joint liability. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2690 (4th ed. 2017) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

The notice of joint liability must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default final judgment against Defendant, as described in (1) above, no later than 14 days thereafter.

*         *         *

Plaintiff's failure to file a motion for default final judgment or a notice of joint liability within the specified time will result in dismissal without prejudice as to the subject Defendant.

2

CASE NO. 22-81961-CIV-CANNON

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 19th day of January 2023.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record

Garber Delray, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525