UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

Case No.: 9:22-cv-81961

JONATHAN LEE REIGROD,
An Individual,

Plaintiff,

v.

GARBER DELRAY INC.,
d/b/a DELRAY BUICK GMC,
A Florida Corporation,

Defendant.
_____/

**DEFENDANT'S MOTION TO SET ASIDE DEFAULT
and
MOTION TO STAY LITIGATION AND COMPEL ARBITRATION
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Garber Delray, Inc. ("Defendant"), respectfully moves this Honorable Court to set aside the clerk's default against Defendant, and enter an order staying litigation and compelling arbitration. In support thereof, Defendant states as follows:

1. The Clerk entered a default as to Defendant on January 18, 2023.

2. Rule 55, Federal Rules of Civil Procedure, permits the Court to set aside an entry of default for good cause.

3. Defendant's inadvertence in responding to the Complaint filed in this case was due to mistake and/or excusable neglect, mainly clerical errors.

4. Upon a review, Defendant's representative received a copy of the Complaint on or about December 22, 2022, just three days before Christmas, but did not forward to all of the proper persons who would have known that a response was due.

5. Defendant's representatives received on December 22, 2022, notice of what they thought at the time was confirmation that proper persons had received the Complaint and would act accordingly, but this was a misunderstanding as in fact Defendant now sees that the Complaint was not sent to all the necessary parties to receive and respond to the Complaint.

6. Subsequently, when a representative noticed a pending issue of this lawsuit, and when they were able to discover and realize the missed deadline to respond to the Complaint, Defendant immediately notified the proper persons, insurer, and retained undersigned counsel.

7. Pursuant to Rule 55, Fed. R. Civ. P., the Court may set aside entry of default for good cause.

8. Courts have defined good cause as "a mutable and liberal standard, not susceptible to a precise formula." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (internal citations omitted).

9. Issues to consider in the analysis of good cause can include, but are not limited to, "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

10. Federal courts have found good cause to set aside entry of default due to "administrative oversight." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018).

11. Defendant's inadvertence to respond to the Complaint was administrative oversight, and not willful or intentional in any way.

12. Setting aside the entry of default in this case would not prejudice Plaintiff.

13. The inquiry into prejudice in setting aside default is "whether prejudice results from the delay, not from having to continue to litigate the case." Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009).

14. In this case, no prejudice results from the delay in the case from merely January to March of this year.

15. Likewise, there is no "loss of evidence, created increased difficulties in discovery, or allowed for greater opportunities for fraud and collusion." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 739 (11th Cir. 2018).

16. Defendant has and intends to raise meritorious defenses to the claims brought by Plaintiff, which are still being ascertained as Defendant is filing this motion as quickly as possible due to the discovery of the default entry.

17. Since Defendant's failure to respond to the Complaint was an "inadvertent mistake," and Defendant has made "prompt action to correct its default," and there is no prejudice, that is "sufficient to show good cause." Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 739 (11th Cir. 2018) (finding good cause for vacating entry of default for these three factors, and noting that the good cause analysis "does not require that each factor be satisfied").

18. Defendant also herein moves to stay litigation and compel arbitration, as Plaintiff and Defendant entered a signed, written arbitration agreement as seen in Exhibit A of Plaintiff's Complaint. [D.E. 1].

19. Plaintiff's Complaint alleges a single count of violation of the Federal Consumer Leasing Act arising from a lease agreement between Plaintiff and Defendant. [D.E. 1 and Exhibit A].

20. The lease agreement contains a written arbitration agreement signed by Plaintiff. [D.E. 1, Exhibit A, at page 3].

21.     The full arbitration provisions are included in the lease agreement, which includes that "[a]ny claim or dispute… between you and us… which arises out of or relates to your credit application, lease or condition of this Vehicle, this Lease or any resulting transaction… shall, at your or our election be resolved by neutral, binding arbitration and not by a court action." [D.E. 1, Exhibit A, at page 6].

22.     The Federal Arbitration Act authorizes and approves the use of arbitration agreements.  The Federal Arbitration Act allows a party to an agreement for arbitration to apply to the court for an order directing the parties to proceed with arbitration.  The Federal Arbitration Act, § 3, states that where a party to a valid arbitration agreement invokes its provisions in a timely manner, all pending litigation pertaining to the dispute that is to be arbitrated must be stayed.  9 U.S.C.A. § 3.

23.     In determining whether a dispute should be submitted to arbitration, courts consider three issues: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.  Smart v. Bob Wilson Dodge, Inc., 2006 U.S. Dist. Lexis 21001 (M.D. Fla. 2006); Home Quality Mgmt, Inc. v. Ace Mgmt. Ins. Co., 381 F.Supp.2d 1363, 1365 (S.D. Fla. 2005).

24. In this case, a valid written agreement to arbitrate exists, as seen attached as Exhibit A to the Complaint in this matter. [D.E. 1, Exhibit A].

25. In addition, an arbitrable issue exists as to the Complaint, since the Complaint arises from a dispute over the lease agreement which is covered by the language of the arbitration agreement. [D.E. 1, Exhibit A, at page 6].

26. Lastly, Defendant has taken no other affirmative action in this case prior to filing this motion and thus has not waived its right to arbitrate as to the Complaint.

27. Cases show that public policy favors arbitration as an alternative to litigation, that arbitration agreements are valid and enforceable, and that the court should resolve all disputes about the scope of arbitration in favor of arbitration. <u>Gregory v. Electro-Mechanical Corp.</u>, 83 F.3d 382, 385 (Fla. 11th Cir. 1996); <u>Rowe v. AMICA Mutual Insurance Company</u>, 533 So.2d 279 (Fla. 1988).

28. Undersigned counsel has called and left a message with a member of Plaintiff's counsel's office, as well as sent an email to Plaintiff's counsel, on March 10, 2023.

29. Undersigned counsel has not yet been able to reach Plaintiff's counsel to confer on the issues in this motion and any agreement or objection thereto, but files this motion as soon as possible due to the entry of default.

30. Undersigned counsel will continue to try to reach Plaintiff's counsel by phone and email.

WHEREFORE, Defendant respectfully requests that this Court set aside the entry of default against Defendant, and enter an order staying litigation and compelling arbitration.

DATED:     March 10, 2023

/s/ Brittany Ford
BRITTANY FORD, ESQ.
Fla. Bar. No. 0117718
Email: Brittany@sdtriallaw.com
St. Denis & Davey, P.A.
1300 Riverplace Blvd., Suite 401
Jacksonville, FL 32207
Tel:  904-396-1996
Fax: 904-396-1991

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 10, 2023, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

/s/ Brittany Ford
BRITTANY FORD, ESQ.
Fla. Bar. No. 0117718